IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2015

## DERICKO JACKSON v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
Nos. 97-09258, 97-09259 & 97-09260     Chris Craft, Judge

No. W2014-01453-CCA-R3-CO  - Filed April 13, 2015

In 1998, the Petitioner, Dericko Jackson, pleaded guilty to first degree felony murder, especially aggravated robbery, and aggravated assault. The trial court entered the agreed sentences of life imprisonment for the felony murder conviction, fifteen years for the especially aggravated robbery conviction, and three years for the aggravated assault conviction. The life sentence and the fifteen-year sentence were ordered to run consecutively, and the three-year sentence was ordered to run concurrently with the life sentence. The judgment forms for each of the three convictions reflect that the Petitioner is entitled to 480 days of pretrial jail credit. The Petitioner filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, asserting that his sentence was illegal because the life sentence and the fifteen-year sentence both reflected 480 days of jail credit, and the jail credit should have only been applied to one of these convictions. The trial court summarily denied the motion, and the Petitioner appealed. On appeal, the Petitioner asserts that the trial court erred when it summarily dismissed his petition because he stated a colorable claim that his sentence is illegal. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Dericko Jackson, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

# I. Facts

This case arises from the Petitioner's 1997 arrest in three separate cases. In case number 97-09258 he was charged with first degree felony murder in the perpetration of a robbery, in case number 97-09259 he was charged with especially aggravated robbery, and in case number 97-09260 he was charged with aggravated assault. On September 1, 1998, the Petitioner pleaded guilty to each of the charged offenses pursuant to a plea agreement covering all three cases. The trial court entered the agreed sentences of: life imprisonment for the felony murder conviction; fifteen years for the especially aggravated robbery conviction; and three years for the aggravated assault conviction. The sentences for the felony murder and especially aggravated robbery convictions were to run consecutively, with the sentence for aggravated assault to run concurrently with the Petitioner's felony murder sentence. Each of the judgments of conviction reflect that the Petitioner be given 480 days of pretrial jail credit, for the time he served between his arrest on May 9, 1997, to the day before his guilty plea, August 31, 1998.

In June 2012, the Petitioner filed a petition for habeas corpus relief challenging the pretrial jail credit being applied to his conviction for especially aggravated robbery. The habeas corpus court dismissed the petition, and this Court affirmed. *Dericko Jackson v. Michael Donahue, Warden*, No. W2013-01718-CCA-R3-HC, 2014 WL 2547764, at *1 (Tenn. Crim. App., at Jackson, May 30, 2014), *perm. app. denied* (Tenn. Oct. 15, 2014).

On May 27, 2014, the Petitioner filed a "Motion To Correct An Illegal Sentence." In the motion he again contended that the trial court improperly applied his jail credits to both his sentences. The trial court summarily denied the Petitioner's motion. The trial court found:

> FROM ALL OF WHICH THE COURT FINDS that the [Petitioner] complains of a negotiated sentence he is serving because of his guilty plea on September 1, 1998 to Murder in Perpetration of a Felony (life), Especially Aggravated Robbery (15 years) and Aggravated Assault (3 years). By agreement, the life sentence and the 15 year sentence were to be served consecutively, but concurrently with the 3 year sentence. The [Petitioner] complains that his sentence is illegal because the judgments entered for the life sentence and the 15 year sentence each show 480 days jail credit, and the credit should only have been awarded to one of the sentences because they were to be served consecutively.
>
> This court finds that the sentences are not illegal, and that the motion is without any legal merit. The judgments are proper. Just because the judgments show 480 days jail credit does not mean that the Department of Correction must

award 480 days to each sentence. As the sentences are to be served consecutively, the Department need only apply the 480 days of jail credits to one sentence.

It is from this judgment that the Petitioner now appeals.

### III. Analysis

On appeal, the Petitioner contends that the trial court erred when it summarily dismissed his motion because he had stated a "colorable claim" that his sentence was illegal. He maintains that the trial court illegally applied the 480-day jail credit to his sentences for felony murder and especially aggravated robbery rather than just one of the sentences. The State responds that the trial court properly denied the Petitioner relief. We agree with the State.

On July 1, 2013, Tennessee Rule of Criminal Procedure 36.1 became effective. Rule 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014).

On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty. Also, Rule 36.1 does not define the term "colorable claim." In interpreting Rule 36.1, this Court has looked to post-conviction and habeas corpus relief cases for guidance. For example, this Court has adopted the definition for "colorable claim" from the post-conviction context: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the

[appellant], would entitle [appellant] to relief . . . ." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014) (quoting Tennessee Supreme Court Rule 28, § 2(H)) (citation omitted).

By the language of Rule 36.1, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." This Court has already decided in the Petitioner's habeas corpus appeal that "no illegal sentence was imposed." *Jackson*, 2014 WL 2547764, at *5. The Petitioner's sentence does not fall within this definition. He is, therefore, not entitled to relief. The trial court's judgment is affirmed.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE